**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STEPHANIE TIESEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 10-CV-715-GKF-PJC |
| | ) |
| LT. MATTHEWS; | ) |
| CAPT. BIRCH, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On November 9, 2010, Plaintiff, a state prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1). On November 15, 2010, Plaintiff filed a motion to proceed *in forma pauperis* (Dkt. # 2). For the reasons discussed below, the Court finds Plaintiff's motion to proceed *in forma pauperis* shall be granted. Nonetheless, Plaintiff is responsible for payment of the full $350 filing fee in monthly installments. In addition, the complaint fails to state a claim upon which relief may be granted and is subject to dismissal. Before this action may proceed, Plaintiff shall be required to file an amended complaint should she be able to cure the deficiencies identified herein.

**A.**  **Motion to proceed *in forma pauperis***

Upon review of Plaintiff's motion for leave to proceed *in forma pauperis*, the Court finds that Plaintiff has been without funds in her institutional account(s) for the period immediately preceding the filing of the complaint and is currently without funds sufficient to prepay the $350 filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and her motion for leave to proceed *in forma pauperis* shall be granted. However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full $350 filing fee as set forth hereafter.

Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to her institutional account(s) until she has paid the total filing fee of $350. 28 U.S.C. § 1915(b)(2). The Court will enter an order directing the agency having custody of Plaintiff to collect and forward such monthly payments to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Interference by Plaintiff in the submission of these funds shall result in the dismissal of this action.

Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e). Plaintiff is further advised that such monthly payments will continue to be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

**B. Complaint is subject to dismissal**

   **1. Dismissal standards**

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations

in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

**2. Plaintiff's complaint fails to state a claim upon which relief may be granted**

In her complaint (Dkt. # 1), Plaintiff states that she has been "sentenced to 1 yr. county time." Thus, she is in custody after having been convicted and not as a pretrial detainee. Plaintiff identifies three (3) claims against Defendants Matthews and Birch, both identified as employees of the Creek County Jail. She claims that Defendants have (1) failed to administer her sentence pursuant to Okla. Stat. tit. 57, § 64; (2) covered her window to prevent her from looking out causing mental anguish; and (3) placed her in segregation, or "lock-up," based on discrimination. See Dkt. # 1. In her request for relief, Plaintiff asks for "[t]he maxium [sic] of money to be received, to be

released now & pay me for stayin [sic] in the county longer. To keep the lights off in holden [sic] cells, to honer [sic] medicals, to keep everyone's window uncovered, to not make an inmate get out of window, to not cover inmates window no [sic] more, for staff to not disrespect I/Ms, treat them as humans, take me off lock up, release me now from this jail, for them to stop harassin [sic] me." Id.

Plaintiff fails identify a constitutional basis for any of her claims. Nonetheless, even giving Plaintiff's complaint liberal construction, the Court finds it fails to state a claim.

### a. Challenge to administration of sentence sounds in habeas corpus

As her first ground for relief, Plaintiff alleges that Defendants are failing to administer her sentence properly. As a result, she seeks release from custody. See Dkt.# 1. Because Plaintiff seeks release from custody, her remedy is provided by the habeas corpus statutes. Preisser v. Rodriguez, 411 U.S. 475, 487-490 (1973); Duncan v. Gunter, 15 F.3d 989 (10th Cir. 1994); Smith v. Maschner, 899 F.2d 940, 951 (10th Cir. 1990). Plaintiff's remedy for seeking sentence credits based on a challenge to the administration of her sentence would be a petition for a writ of habeas corpus under 28 U.S.C. § 2241 rather than a complaint under 42 U.S.C. § 1983. Plaintiff is reminded that she must exhaust available administrative and judicial remedies before seeking habeas corpus relief. Plaintiff's challenge to the administration of her sentence is subject to being dismissed for failure to state a claim upon which relief may be granted.

### b. Covering window does not rise to level of constitutional violation

As her second ground of error, Plaintiff complains that Defendants have covered the window of her cell so that she cannot see out. To the extent Plaintiff intends to allege a violation of the Eighth Amendment, the Court finds her complaint fails to state a claim. The Eighth Amendment's

prohibition against cruel and unusual punishment imposes duties on prison officials to "provide humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." Id. Establishing a violation of the Eighth Amendment requires a two-part showing. First, an inmate must objectively show that he was deprived of something "sufficiently serious." Farmer, 511 U.S. at 834. A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of 'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety. Id. (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).

In this case, Plaintiff's allegation that her window is covered to prevent her from looking out does not demonstrate a deprivation "of the minimal measure of life's necessities," as required to state a claim upon which relief may be granted pursuant to the Eighth Amendment. Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998). Therefore, absent amendment, Plaintiff's ground 2 claim fails to state a claim upon which relief may be granted.

### c. Placement in segregation fails to state a claim

As her third ground of error, Plaintiff complains that she has been placed in segregation "10 times over statements, not for seeing me do anything." (Dkt. # 1). To the extent Plaintiff alleges she has been deprived of liberty without due process, she fails to establish the existence of a protected liberty interest. As a matter of law, she has no liberty interest in discretionary classification decisions by prison officials. See Cardoso v. Calbone, 490 F.3d 1194, 1197-98 (10th Cir. 2007). Generally, "the transfer of an inmate to less amenable and more restrictive quarters for

nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence," and therefore, "administrative segregation is the sort of confinement . . . inmates should reasonably anticipate receiving at some point in their incarceration" and does not involve an interest independently protected by the Due Process Clause. Hewitt v. Helms, 459 U.S. 460, 468 (1983). However, the government may create a liberty interest protected by the Due Process Clause if the freedom from restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Cosco v. Uphoff, 195 F.3d 1221, 1224 (10th Cir. 1999) (applying Sandin to regulations concerning prison conditions).

Plaintiff states only that she has been placed in segregation "10 times." She fails to allege how long each period of confinement in segregation has been or how much total time has passed since Defendants began placing her in segregation. Other than alleging that her window has been covered, Plaintiff does not provide any information concerning the conditions of her segregation. As a result, Plaintiff has failed to plead facts to support a claim of atypical and significant deprivation. In addition, Plaintiff has failed to allege any facts supporting her allegation that her placement in segregation is based on some type of discrimination. Therefore, absent amendment, Plaintiff's ground three is subject to being dismissed for failure to state a claim upon which relief may be granted.

### 3. No basis for money damages

Plaintiff seeks to recover the "maxium [sic] of money to be received" for mental anguish. See Dkt. # 1. However, mental or emotional stress, without physical injury, is insufficient to state a § 1983 claim based on conditions of confinement. See 42 U.S.C. § 1997e(e) ("No Federal civil

action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002) ("As to [plaintiff's] claim for emotional distress, no § 1983 action can be brought unless the plaintiff has suffered physical injury in addition to mental and emotional harms.") (citing 42 U.S.C. § 1997e(e)). Nothing in the complaint suggests that Plaintiff has suffered physical injury.  As a result Plaintiff's request for damages for "mental anguish" is subject to dismissal.

### 4. Opportunity to amend

For the reasons cited above, this 42 U.S.C. § 1983 action is subject to dismissal for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). However, should Plaintiff be able to clarify her claims or otherwise cure the deficiencies identified herein, she may file an amended complaint within thirty (30) days of the entry of this Order. Should Plaintiff fail to file an amended complaint by the deadline specified below, this action will be dismissed without prejudice.

### C. Service documents

If this action proceeds, the Court may direct service of process by the U.S. Marshal.  In order for the U.S. Marshal to effect service, an indigent plaintiff is required to complete and submit one summons and one USM-285 Marshal service form for each named defendant. Plaintiff has submitted one summons and one USM-285 Marshal service form. However, the forms submitted by Plaintiff improperly bear both Defendants' names.  If Plaintiff files an amended complaint, she will be required to provide a completed summons and a completed USM-285 service form for each named defendant. In other words, if Plaintiff names two defendants, she will be required to provide two

summonses and two USM-285 forms, one for each defendant. The Clerk of Court is not authorized to provide names and/or service addresses.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion to proceed *in forma pauperis* (Dkt. # 2) is **granted**. Nonetheless, Plaintiff is responsible for payment of the full $350.00 filing fee in monthly installments as mandated by 28 U.S.C. § 1915(b).

2. The 42 U.S.C. § 1983 complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Unless Plaintiff files an amended complaint within thirty (30) days of the entry of this Order, or by **December 16, 2010**, curing the deficiencies identified herein, this action will be dismissed for failure to state a claim.

3. If Plaintiff files an amended complaint, she shall submit a completed summons and a completed USM-285 Marshal form for each defendant by the above-referenced deadline.

4. The Clerk of Court shall send Plaintiff a blank 42 U.S.C. § 1983 civil rights complaint (form PR-01) marked "amended" and identified as Case No. 10-CV-715-GKF-PJC, along with two (2) blank summonses and two (2) blank USM-285 Marshal service forms.

**Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.**

DATED THIS 16th day of November, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma